IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Lee Carr, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00673 |
| v. | : | Judge Frost |
| Sheriff George Lavender, Jr., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

Plaintiff David Carr, a detainee incarcerated at the Ross County Jail, brings this action against defendants Sheriff George Lavender, R.N. Shawna Ott, Richard Harrison, T.J. Hollis, Chris Davis, Martin Brooks, Walter Miller, James Bridenbaugh, Terresa Holman, Tracy Beverly, Diana Lynch, and Katie Tomas alleging violations of the Health Insurance Portability and Accountability Act, Ohio Minimum Jail Standards, Federal Minimum Standards for Jails, Ohio medical laws and provisions of the Ohio and United States Constitutions. This matter is before the Court on plaintiff David Carr's March 17, 2011 motion to consolidate multiple actions into a class action suit (doc. 17).

Plaintiff seeks to have this case consolidated with similar complaints that have been filed in this Court to form a class action lawsuit. Plaintiff maintains that all of the plaintiffs in the cases against defendant Lavender concerning the conditions of the Ross County Jail are indigent and have suffered most of the same violations. All of the

1

plaintiffs require an attorney, and it will be economical for the Court and defendants if this case is a class action because it will save time. Plaintiffs further argue that justice will be better served by a class action.

Discussion. In order to obtain class certification, a plaintiff must first satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *Coleman v. GMAC*, 296 F.3d 443, 446 (6th Cir. 2002). Here, plaintiff has failed to meet his burden. Rule 23(a)(4) of the Federal Rules of Civil Procedure requires the plaintiff to demonstrate that he "will fairly and adequately protect the interests of the class." The ability of both the plaintiff and his attorney to adequately represent the class is the most important discretionary decision the Court must make in its ruling on a motion to certify. *See Harriss v. Pan American Airways*, 74 F.R.D. 24, 42 (N.D. Ca. 1074). The experience and ability of counsel must be carefully considered. *See Cross v. National Trust Life Insurance*, 553 F.2d 1026, 1031 (6th Cir. 1977).

Non-attorney, *pro se* litigants cannot fairly and adequately represent and protect the interests of class members. *Phillips v. Tobin*, 548 F.2d 408, 413-15 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Consequently, claims brought by prisoners who are not represented by counsel cannot be maintained as class actions. *Martin v. Middendorf*, 420 F. Supp. 779, 780-81 (D. D.C. 1976); *Carlisle v. Sielfaff*, 62 F.R.D. 441, 442 (E.D. Ill. 1974); *Jeffrey v. Malcolm*, 353 F. Supp. 395, 397 (S.D.N.Y. 1973).

<u>Conclusion</u>. For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff David Carr's March 17, 2011 motion to consolidate multiple actions into a class action suit (doc. 17) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge