IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| David Lee Carr, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00673 |
| v. | : | Judge Frost |
| Sheriff George Lavender, Jr. *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |
| | : | |

**ORDER**

Plaintiff David Carr, a detainee incarcerated at the Ross County Jail, brings this action alleging that defendants Sheriff George Lavender, R.N. Shawna Ott, Richard Harrison, T.J. Hollis, Chris Davis, Martin Brooks, Walter Miller, James Bridenbaugh, Terresa Holman, Tracy Beverly, Diana Lynch, and Katie Tomas violated the Health Insurance Portability and Accountability Act, Ohio Minimum Jail Standards, Federal Minimum Standards for Jails, Ohio medical laws and provisions of the Ohio and United States Constitutions. This matter is before the Court on defendants' unopposed[1] July 29, 2011 motion for summary judgment (doc. 30).

**I.    Allegations in the Complaint**

The complaint alleges that the conditions in the Ross County jail are in violation of Health Insurance Portability and Accountability Act, the Ohio Minimum Jail

---

[1]When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record. *Guarino v. Brookfield Twp.*, 980 F.2d 399, 404-05 and 407 (6th Cir. 1992).

Standards, Federal Minimum Standards for Jails, Ohio's medical laws, and the Constitutions of the United States and Ohio. His cell was dirty and smelled of urine. He did not have a bed, and he had to sleep on the floor. There was a window in the cell, and female inmates could see him using the toilet when they passed his cell. He was only permitted to take one shower.

The complaint alleges that the jail has had a rash of staph infections. Plaintiff had a severe infection on his neck three times and was placed in punitive segregation each time. Plaintiff was charged $500 for the medication to treat the infections, but he never saw a doctor.

The complaint also alleges that the jail doctor changed his diabetes medication. He has had low blood sugar because of the starvation diet he received. When he reported his low blood sugar, nothing was done. Plaintiff does not receive meals suitable for someone with diabetes. There are no clocks in the jail, and inmates are not permitted to wear watches. He suffers from time deprivation, which is a form of torture.

The complaint alleges that inmates are only permitted exercise and fresh air 1-2 times per week. The complaint also alleges that he has been denied access to the court because he is not permitted paper, pencils, erasers, stamped envelopes, manilla envelopes, legal postage, a notary for affidavits, ink pens, file folders, and a file box. He also does not have access to a free phone. Plaintiff's mail is given to other inmates who then read his mail.

The complaint further alleges that $10 was taken from his account at the jail for a booking fee. The guards impose punishment without any due process. The jail is very cold, and inmates are not provided with socks, t-shirts or underwear unless they are purchased from the kiosk at outrageous prices. Inmates only receive one blanket. He is denied religious services based on his Jewish faith. Plaintiff has been issued a towel and a uniform, and they are only washed once per week. The jail does not provide adequate cleaning supplies. He also maintains that there is no tracking system for the grievances. Pretrial detainees are housed with convicted prisoners. The painted floors are slippery when wet, making the jail unsafe. Plaintiff has fallen twice on his back after getting out of the shower.

## II.    Arguments of the Parties

Defendants argue that plaintiff failed to comply with the Prison Litigation Reform Act, which requires an inmate to exhaust the administrative remedies of the jail or prison prior to filing a lawsuit. Although plaintiff filed several grievances, defendants maintain that he did not properly file them and that he did not fully exhaust his appeals. Defendants further argue that the majority of plaintiff's claims are unrelated to the grievances he filed.

Defendants also argue that plaintiff did not allege personal involvement by any defendant except defendants Ott and Harris. To establish liability against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. Defendants further argue that the

3

plaintiff has failed to allege and cannot prove the required elements of each of his sixteen claims.

Plaintiff failed to file any opposition to defendants' motion for summary judgment.

### III.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be

4

admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

**IV.   Discussion**

The Prison Litigation Reform Act ("PLRA") states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The requirement to exhaust administrative remedies is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Exhaustion under the PLRA requires that a prisoner

comply with all procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Booth v. Churner*, 532 U.S. 731 (2001).

      Defendants maintain that plaintiff did not exhaust the jail's grievance process. Prior to filing his complaint, plaintiff filed ten grievances and one request with the jail. Seven of the grievances concerned the quality of the food, and the remaining three grievances plaintiff's lack of access to books, pencils, and toilet paper.  Sergeant Earl Glenn Detty, III, the acting assistant jail administrator with the Ross County Sheriff's Office, submitted an affidavit in which he describes the grievance procedure at the Ross County jail and plaintiff's efforts at utilizing the grievance procedure. The grievance procedure consists of three separate steps: requests, grievances, and appeals. All three steps are record on the same form, and the inmate indicates on the form whether he is submitting a request, grievance, or appeal. Doc. 30-3 at ¶4. To properly utilize the grievance procedure, an inmate must first file a requests. *Id.* at ¶5. If the request is denied, an inmate must file a grievance.  *Id.* at ¶6. If the inmate is dissatisfied with the resolution of his grievance, the inmate must file an appeal.  *Id.* at ¶7. Sgt. Denny stated that plaintiff filed ten grievances and one request between March 3, 2010 and August 23, 2010; plaintiff did not file any appeals.  *Id.* at ¶8.

      The uncontroverted evidence shows that plaintiff failed to exhaust his administrative remedies prior to filing suit. As a result, the Magistrate Judge RECOMMENDS that defendants' motion for summary judgment be GRANTED.

**V.     Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants' unopposed July 29, 2011 motion for summary judgment (doc. 30) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel<br>
United States Magistrate Judge