IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Lee Carr,

    Plaintiff      Case No. 2:10-cv-00673

 v.           Judge Gregory L. Frost

Sheriff George Lavender,      Magistrate Judge Abel

    Defendant.

## ORDER

Plaintiff, David Carr, a detainee incarcerated at the Ross County Jail, brings this action alleging that Defendants Sheriff George Lavender, R.N. Shawna Ott, Richard Harrison, T.J. Hollis, Chris Davis, Martin Brooks, Walter Miller, James Bridenbaugh, Terresa Holman, Tracy Beverly, Diana Lynch, and Katie Tomas violated the Health Insurance Portability and Accountability Act, Ohio Minimum Jail Standards, Federal Minimum Standards for Jails, Ohio medical laws, and provisions of the Ohio and United States Constitutions. Plaintiff has failed to file any objections to the Magistrate Judge's September 26, 2011 Report and Recommendation that Defendants' unopposed July 29, 2011 motion for summary judgment be granted.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendants' July 29, 2011 motion for summary judgment. (ECF No. 30).

1

> The Prison Litigation Reform Act ("PLRA") states:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The requirement to exhaust administrative remedies is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002): *See also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Exhaustion under the PLRA requires that a prisoner comply with all procedural rules, including filing deadlines, as a precondition to filing a civil suit in federal court, regardless of the relief offered through the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Booth v. Churner*, 532 U.S. 731 (2001).

Defendants maintain that Plaintiff did not exhaust the jail's grievance process. Prior to filing his complaint, Plaintiff filed ten grievances and one request with the jail. Seven of the grievances concerned the quality of the food, and the remaining three grievances concerned Plaintiff's lack of access to books, pencils, and toilet paper. Sergeant Earl Glenn Detty, III, the acting assistant jail administrator with the Ross County Sheriff's Office, submitted an affidavit in which he describes the grievance procedure at the Ross County jail and Plaintiff's efforts at utilizing the grievance procedure. The grievance procedure consists of three separate steps: requests,

2

grievances, and appeals. All three steps are recorded on the same form, and the inmate indicates on the form whether he is submitting a request, a grievance, or an appeal. (ECF No. 30-3 at ¶4.) To properly utilize the grievance procedure, an inmate must first file a request. *(Id.* at ¶5.) If the request is denied, an inmate must file a grievance. *(Id.* at ¶6.) If the inmate is dissatisfied with the resolution of his grievance, the inmate must file an appeal. *(Id.* at ¶7.) Sgt. Denny stated that Plaintiff filed ten grievances and one request between March 3, 2010 and August 23, 2010; Plaintiff did not file any appeals. *(Id.* at ¶8.)

The uncontroverted evidence shows that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendants' unopposed July 29, 2011 motion for summary judgment is **GRANTED**. (ECF No. 30.)

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendants. This action is hereby **DISMISSED.**

    /s/ Gregory L. Frost
Gregory L. Frost
United States District Judge